Good morning, Your Honors. May it please the Court. I'd like to reserve three minutes for rebuttal. Sure, and if you could maybe move the microphone a little closer. Okay. As an initial matter, we're here to resolve a legal issue, which has already been resolved by this Court. In Fonseca v. Garland, the Court decided which standard review was appropriate for a motion to reopen based on a denial, which was using a prima facie analysis. That's the case here. We have the petitioner, Ms. Arreola Pina, who has asked the BIA to reopen her proceedings based on new evidence of her qualifying relative's youngest child having autism and significant disability related to that autism diagnosis. The BIA in this case used the standard of review, which is appropriate if the agency had intended to deny on discretion. It could have denied on discretion, but here it denied on a prima facie case. It specifically stated as much. The Court does not need to conjecture or look at the details of the analysis that the BIA stated, specifically the prima facie denial. Supporting that is the analysis which the BIA conducted regarding the hardship. Now a significant distinguishing factor from the Fonseca v. Fonseca case is that here the respondent's case for cancellation of removal has already been denied on discretion. However, where the agency didn't address that, that's not an issue before this Court. But we do want to address it here because it is not a matter of ping-ponging back and forth between the agency and this Court. There is a real case here for discretion purposes as well as for hardship purposes. There are three factors which we would like this Court to consider in reviewing the discretion analysis. The way that we ask this Court to consider that is in two different ways. One is a due process violation for the underlying case had there not been a motion to reopen. And second is there's new evidence. Jumping straight to those three factors. First, we have the new evidence that the petitioner here, Ms. Ariel Pena, is the mother of a disabled child. She is the person who is caring for that child who has level 2 severity autism. Mr. Verilla, can I interrupt you for a second? Yes. Are you asking this panel to consider discretionary factors related to the cancellation of removal determination or related to the motion to remand? Thank you, Your Honor. As an initial matter, we don't believe that the panel needs to even address that. This case can be remanded simply on the fact that the agency chose to review the prima facie case only. No, I understand. I understand the argument for Fonseca Fonseca. But what you are discussing right now about the discretionary factors, what are you discussing them in relation to in this case? Thank you, Your Honor. I understand your question. We are asking the Court to consider that in three different ways. First, and most importantly, is for the cancellation removal application as stated in the motion to reopen. Second, if the Court finds that there is no good basis for the motion to reopen, the underlying application for cancellation removal. And third, the voluntary departure. Well, let me ask this. Our ability to review discretionary denials is, as you know, very limited, only for legal or constitutional error. And I understand that you're trying to make a due process argument for our ability to review the discretionary denial. What is that due process argument? As an initial matter, to address the Court's first statement, the petitioner does ask the Court to find that there is case law, specifically VRC v. INS, that acknowledges that this Court cannot tell the agency which factors to consider, but where the agency left out significant factors that it has in the past considered that this Court can find an abuse of discretion. Regarding the Court's question as to the due process violation, we ask the Court to consider two, and to be more clear, the due process violation, considering that there was no motion to reopen. There is a motion to reopen, but if we look just at the motion to reopen, or to the underlying petition, excuse me, the petitioner's testimony in this case, specifically regarding her subjective intent when she committed the offenses which led to her felony convictions in Arizona Superior, Maricopa County Superior Court in Arizona, she stated, and the immigration judge found her credible, she stated that she was not aware of the illegality of her actions that led to those three convictions, one conviction with three separate felonies. So her subjective intent is relevant. It's a mitigating factor as to her criminal convictions. I was just going to ask, how is that a due process issue? That just sounds like it goes to abuse of discretion. No, I was going to ask exactly the same question. Thank you, Your Honor. We would ask the Court to consider it a due process violation because, yes, we can, in other cases, ask the Court to balance factors, and that's improper. But here, there was a factor which was weighed essentially at zero. In other words, it was excluded. So here, her subjective testimony, which was found credible, was excluded as a mitigating factor. And we do recognize that the agency has discretion to decide how much weight to give to that subjective testimony. But here, the BIA specifically stated that they chose to exclude that evidence. I mean, the BIA specifically said, you made this argument that the IJ should have given more weight, but the IJ was not required to accept her testimony in this regard, even if he viewed her as generally credible. So, I mean, even if a different IJ might have gone a different way, I don't see how that could possibly rise to the level of a due process constitutional violation. We would direct the Court, in response to that concern, to Cole v. Holder. In that case, this Court found that where there is credible testimony, that is a finding of fact. But Cole is not a discretionary ground. I mean, if I remember Cole, it's related to substantial evidence review, and it's a different review of the agency's determination. Yes. And here you have something where there's different evidence, and the agency, as a matter of discretion, can weigh it in different ways. And even if you're right that they weighted at zero, it's just weighting. I'm still trying to understand why that would be a due process violation that we could review, as opposed to a discretionary decision to weigh evidence differently, which we couldn't review. We would ask the Court to find that it is a due process violation because this case was denied on discretion because of her criminal convictions. And rather than just leave it as that, the agency found, the immigration judge and the BAA, both found that the petitioner's testimony in court was an aggravating factor to her convictions. We asked the agency to find it a mitigating factor. And by excluding that testimony evidence, which was credible, that has a significant impact on the outcome of the case. It's exclusion of relevant facts, which the BAA argued should not be considered, or held should not be considered. If they intended to do that, they should have found her not credible. Well, assuming we agree with you that there was a violation under Fonseca Fonseca, we would remand it back and then the BAA can look at the motion to remand again. And wouldn't there be an opportunity for the BAA to decide whether to apply discretionary review or not at that point? Correct, Your Honor. They could apply the correct standard for the hardship determination, or they could choose to deny based on discretion. And that's why we would ask the court to look at the factors which were excluded from discretion. This is not a case that we want to be ping-ponging back and forth. This is a case that legitimately can be remanded by the agency. First is the excluded testimonial evidence. Second is the fact that the petitioner is a mother of a disabled child. And third, this was not included in the briefs, but noticing this and preparing for arguments today, the BAA did address specifically family ties, family connections for U.S. citizen children. However, they left out more than half of the respondent, the petitioner's family members, her two legal permanent resident parents and six siblings and various nieces and nephews, which the immigration judge found were all amongst that group, legal permanent residents and U.S. citizens. Those are significant family ties. That's a third factor which weighs in favor of discretion. The most important factor being that her testimonial evidence, which is credible, is her subjective testimonial evidence, which is credible, is a mitigating factor. That is what the discretion decision really is about. So even if we could review this, what would you want this panel to do on the discretionary review? At this time, we don't believe that there is something for this panel to do. These are alternative arguments. We would ask this panel to remand because the agency made a decision using the wrong set of laws, and that is where the analysis ends. These are alternative arguments in case there is a different finding. Thank you. Thank you. Good morning. Greg Pennington for the Attorney General. I want to start with discretion because it's the government's position that that's where the court's review should end. The agency held that Ms. Ariella Pena does not merit a favorable exercise of discretion on her application for cancellation of removal. Nothing is going to change that, and nothing that she submitted to the board in her motion to remand would have changed any of that. Do you agree that the BIA applied the wrong legal standard? I wouldn't agree that it applied the wrong legal standard. I would say that it inartfully wrote what it was applying. But it did it twice. It did. So, I mean, the BIA judge, in my view, clearly stated the legal standard incorrectly twice and then proceeded based on that to deny the motion for remand. In our cases, we said that that's a problem, and our cases were known to the BIA. Why shouldn't we remand to give the BIA the opportunity to analyze this case using the standard that we have said is the correct standard here? Let me try to convince you otherwise.  In Fonseca Fonseca, it was a bit of a different procedural posture. There, the applicant for cancellation withdrew their cancellation application. So there was no judgment on the application for cancellation removal in that case. It was only submitted in the motion to reopen. And there, the board held and applied the wrong standard, according to this court, that prima facie eligibility is different than reasonable likelihood to change the outcome. So here, the board, while saying prima facie and change the outcome in the same sentence, it didn't say prima facie eligibility. It wasn't addressing eligibility factors. And in the previous paragraph, it was discussing why she didn't merit a favorable exercise of discretion. So can I push back, Mr. Pennington? When the board was discussing why it agreed with the IJA about discretionary denial, it was speaking about her previous convictions. But when, in the paragraph that it was talking about the motion to remand, it was talking about prima facie eligibility factors, ones related to would the children go to Mexico, what effect autism would have. So it seems as if the paragraph was, indeed, talking about prima facie eligibility factors, but then applying the wrong standard with the, you know, likely to change the outcome. I mean, it just seems to me that this case isn't all fours. With Fonseca Fonseca, we have to remand. Well, I would set the stage for you as the motion to remand itself. It was a two-page motion to remand that didn't even mention discretion until the last paragraph of the motion to remand. And so the board's an appellate body, just like this court. It responds to arguments that the appellants make. And so here she was arguing that this new evidence changed the discretionary, not the discretionary, the hardship outcome. And so the board says, we disagree. It just shut down that argument saying, we don't agree that this is going to change the outcome of the proceeding. Because, one, it didn't, I know the board didn't talk about the discretion in its denial of the motion to remand. But I think that's implicit from its decision because it's in the same decision. The board's talking about why she doesn't merit a favorable exercise of discretion. Go ahead, Judge. I was just going to ask how we can know for sure that the discretionary decision wasn't infected by this error in the application of the standard. I mean, I just don't, yeah, I don't see how we can definitely know that, although I understand your argument that maybe it's unlikely. Yeah, I don't think there's any way I can convince you that it was absolutely 100%. But the court applies traditional administrative principles. And harmless error is one of them. And here I would say that its lack of inclusion of that is tied directly to the motion to remand itself, not making any such argument. And if I could bring the court back to that discretionary judgment, most of it was tied to her felony convictions, right? She was involved in this, you know, 42 count indictment regarding drug trafficking and money laundering. And in her testimony as to why she thinks that she didn't do anything wrong. And the IJ and the board, that was the whole negative aspect of the discretionary analysis. Although, you know, counsel, I, at least from what I've seen, think it unlikely or maybe even very unlikely that if we remand that the petitioner is going to prevail. But when I'm looking at what the BIA did, the BIA first generally talks about what her argument is, states the standard, goes through what it believes is the relevant evidence, and then ends its discussion by, in a decisional way, evaluating the evidence under the wrong standard. I mean, its last sentence is, without any additional evidence, the respondent has not made a prima facie showing that the new evidence would likely affect the outcome of the case such that remand is warranted. So, I mean, I just can't read this without saying to myself, this is what they applied, and our job is not to reweigh it ourselves. But at the same time, the court can uphold a decision that it doesn't have to reflexively remand any time the board states the wrong legal standards. Well, actually, I mean, I was going to ask you, what authority would support that? Because it seems to me that this panel is bound by Fonseca Fonseca, and part of that decision is that when the board has applied the wrong legal standard, we vacate and remand for the board to apply the correct legal standard. I'm not aware of any case that would allow us to overlook legal error and apply a harmless error review. So what's your best case for the proposition that we would be free to be able to do that? I would say Hernandez and Park, both of which we cited, and both dealt with the futility of remand in particular. And, again, nothing in the opening brief, there was no reply brief submitted to reply to my harmless error futility arguments. And, you know, even in the opening brief, this is at page 19, they say, you know, even if we get past if the board committed the wrong legal standard, even if the court disagrees with that, the only argument she makes goes to hardship. There's nothing she can do to touch the discretionary judgment that she does not merit a favorable exercise of discretion. Let me ask this, because the IJ did touch upon the fact that if her child was diagnosed with autism, that would be a different, you know, at the IJ hearing, the diagnosis had not occurred yet. But I remember reading that the IJ thought, well, if there was a diagnosis, that would be a more serious medical condition. But because there's no evidence of that now, you know, the IJ went with what it did. Who's to say that the agency doesn't consider the autism condition in conjunction with other evidence and decide not to exercise its discretionary denial? My point, and I'm not sure that's likely, but I just don't know that we can second guess what the BIA would do once we remand, you know, without it explaining it for itself. Well, the IJ's discussion of the lack of a diagnosis went towards whether she met her burden for hardship. And so, and the, you know, the alternative was that even if she met these standards, and as the Supreme Court and Patel and Wilkinson said, you know, even if all the statutory eligibility requirements are met, the agency can just skip right over all those and just say that the applicant does not merit a favorable exercise of discretion. It did that in that case, this case. And, you know, even with the motion to remand, there's still that discretionary judgment lurking, which she can't meaningfully challenge. The only thing she argues is that her credible testimony should have been deemed as true. That's something the Supreme Court explicitly disregarded or held was not a correct standard in Ming Dai. You know, the agency can weigh testimony the way it wants and determine whether an applicant meets their burden. And all along, it's been her burden of proof. Through the IJ, in the motion to remand, it's always been her burden of proof to demonstrate that she merits a favorable exercise of the Attorney General's discretion. Congress allows only 4,000 of these grants per year, and most of those are backlogged. Here, they found that she does not. She did not meet her burden to show that she merits a favorable exercise of discretion. With that discretionary judgment, firmly in this case, the Court lacks jurisdiction over any judgment, including a judgment to remand, because that was implicit in the Board's holding. That's our argument that the Board might have inartfully stated the standard, but it applied the would likely to change the outcome in this case. And we would ask the Court to dismiss the petition for review. All right. We thank the parties for their arguments, and the case just argued is submitted. With that, we'll move to the second case on the argument calendar.
judges: BENNETT, SANCHEZ, THOMAS